# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARY K. CALLAWAY AND DEER CHASE, INC.**  ]<br>]<br>]<br>]<br>Plaintiffs,  ]<br>]<br>vs.  ]<br>]<br>**ROBERT DUPREE,**  ]<br>]<br>Defendant.  ] | Civil Action No.: 2:04-HS-2499 |

## Memorandum Opinion

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This is a civil action filed by the Plaintiffs, Mary K. Callaway and Deer Chase, Inc., against Defendant, Robert Dupree. (*Compl.* at 1)  The action was originally filed on June 30, 2004, in the Circuit Court of Jefferson County, Alabama. The Defendant subsequently removed it to federal court. (*Notice of Removal* at 1). The Complaint alleged two counts against Defendant. Count One alleged breach of contract. (*Id.* at 1). Count Two alleged conversion (*Id* at 2).

Defendant, Robert Dupree, filed a Motion for Summary Judgment on all claims on February 25, 2005. (*Doc. Number* 8). That is the motion before the court here. For the reasons stated herein, the motion will be **GRANTED**.

## II.     SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S.

at 249.

### III.  MATERIAL FACTS[1]

On or about November 6, 1998, Plaintiffs and Defendant entered into an alleged agreement whereby the Defendant would purchase certain real property located in Jefferson County, Alabama from Plaintiffs. (*Compl*. at 1).  There is no signed agreement for the sale of the property, although there is an unsigned agreement that Plaintiffs sent to Defendant, which contained the terms of the agreement. (Def. Exh. 4).  Under the terms of the unsigned agreement, Defendant was to pay Plaintiffs the sum of $936,000 upon the closing of the sale and, pending closing of the sale: 1) Plaintiffs were to deed Defendant a one-half interest in the subject property; and 2) Defendant was to make payments on the subject property's mortgages and to pay the property tax. (*Compl*. at ¶4).[2]  Subsequently, Plaintiffs deeded a one-half interest in the aforementioned property to Defendant. (*Id*).

Defendant began to make mortgage payments on the property, but ceased doing so in 1999. (*Id*. at 2).  Defendant initially made a wire transfer of $21,000 to the mortgagee in order to stop foreclosure proceedings and continued to making

---

[1] The Court notes that there are some disputed facts, and will seek to set those out.  In this analysis, the facts have been considered in the light most favorable to the non-movant.

[2] Defendant claims that the oral agreement was merely that he would make the Plaintiff's mortgage payment to keep the property from being foreclosed in exchange for a one-half interest in the property; with the option to purchase the balance later. (*Dupree Aff*. at ¶¶ 3,5)

mortgage payments for a short time to "perserve [his] interest in the property and the opportunity to buy, sell, or develop the property." (*Dupree Aff.* at ¶¶ 5,6). He ceased payments when it became apparent to him that the proposed development of the property would not happen due to lack of financing. (*Id* at ¶ 7). After Defendant stopped making payments, Plaintiffs filed the Complaint, alleging breach of contract and conversion, which allegedly caused Plaintiffs to lose the benefit of the bargain, lose full title to the property, lose income, and incur expenses.

## IV.   DISCUSSION

### A.   Breach of Contract

Plaintiffs' first claim is for breach of contract. Plaintiffs contend that Defendant entered into an agreement to purchase certain real property and then failed to close on the property and to make payment to the Plaintiffs as agreed. Defendant moves for summary judgment on the grounds that Plaintiffs' claim is barred by the Statute of Frauds, Ala. Code § 8-9-2(5), which provides that all contracts for the sale of real property must be in a signed writing. Defendant contends that no such signed writing exists here, and that the oral agreement entered into by the Defendant was merely to make mortgage payments to stop foreclosure proceedings, for which he would be deeded a one-half interest in the property with an option to purchase the property later.

In response to the Motion, Plaintiffs urge that this case falls within an exception to the Statute of Frauds, namely that a portion of the purchase money has been paid and the purchaser has been put in possession of the land. Ala. Code § 8-9-2(5) provides that: "every contract for the sale of lands . . .or any interest therein . . ." must be in a signed writing ". . . unless the purchase money, or a portion thereof, is paid and the purchaser is put in possession of the land by the seller." The two essential elements to meet this exception are 1) possession and 2) partial payment or consideration. Plaintiffs contend that, since Defendant has admittedly been deeded one-half interest in the land, therefore the possession requirement is met. Plaintiff also claims that the $21,000 and other mortgage payments paid by the Defendant constitutes "partial payment" sufficient to satisfy the exception to the Statute.

This Court cannot agree that the possession requirement for the exception to the Statute of Frauds has been met. The cases clearly hold that possession must be both notorious and *exclusive* to bring a case within the exception to the Statute of Frauds. In *Knight v. Smtih*, 33 So.2d 242, 243 (Ala. 1948), the Alabama Supreme Court stated that "our decisions are to the effect that possession must be a notorious and exclusive character to bring the case within the exception to the Statute [of Frauds]." In *Jones v. Jones*, 121 So. 78 (Ala. 1929), the Court noted that "[i]n some jurisdictions joint possession suffices in cases of this character, while our decisions require the possession to be both notorious and exclusive." *See also Smith v. Smith*,

466 So.2d 922, 925 (Ala. 1985) (finding that Statute of Frauds applied where possession was not exclusive). Plaintiffs claim that Defendant has agreed to purchase the *entire* property, but has only alleged that he has been deeded possession to a one-half interest in it. Accordingly, his possession cannot be said to be exclusive. *See Quinlivan v. Quinlivan*, 114 So.2d 838, 840 (Ala. 1959) (*citing Spruiell v. Stanford*, 61 So.2d 758, 762 (Ala. 1952)): "Possession of a tenant in common who has contracted orally to buy from his cotenant is ordinarily not sufficient as an act of performance of the contract to satisfy the statute." Since Defendant's possession in the case at bar is not exclusive, he cannot fall within the exception to the Statute of Frauds. Accordingly, the breach of contract claim is due to be dismissed, as the alleged agreement is voided by the Statute of Frauds.

**B.   Conversion**

Plaintiff's second claim is for conversion. Plaintiffs base its conversion claim upon the one-half interest in certain real property that was deeded to Defendant. As a matter of law, one cannot maintain an action for conversion on the taking of real property. *Baxter v. SouthTrust Bank of Dothan*, 584 So.2d 801, 805 (Ala. 1991). Plaintiffs' claim for conversion, based upon the taking of real property, cannot stand.

## V.     CONCLUSION

Accordingly, the Defendant's Motion for Summary Judgment is due to be **GRANTED**.  The Court notes, however, that the Complaint sets forth facts which may well provide a potential remedy to Plaintiff under a different legal theory. Therefore, the Court will defer entering judgment for thirty days.  During such period, Plaintiff may file an amended Complaint if she so desires.  Such amended Complaint shall not allege any new facts, but may allege a new theory of recovery.

The pretrial conference set for April 28, 2005, is **CANCELLED**.   This case is **REMOVED** from the Court's April 29, 2005, **MOTION DOCKET**.

**DONE** this the 15th day of April, 2005.  A separate order will be entered.

*[signature: VEHopkins]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge