IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY K. CALLAWAY and DEER CHASE, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ROBERT DUPREE, <br><br>Defendant. | ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ]    CIV. ACTION NO. <br> ]    2:04CV2499-VEH <br> ] <br> ] <br> ] <br> ] |

## **MEMORANDUM OPINION**

Pending before the court are the following motions: Motion for Summary Judgment (doc. 30) filed by the defendant, Dupree ("Defendant"); Motion to Stay Proceedings (doc. 45) filed by the plaintiffs, Callaway and Deer Chase, Inc. ("Plaintiffs"); and the Intervenor's Motion to Sever and Remand (doc. 46) filed by Thomas E. Baddley, Jr., as receiver for Community Homebanc, Inc. ("Intervenor"). For the reasons stated hereinafter, the court will **DENY** the Motion to Stay, **GRANT** the Motion for Summary Judgment, and **GRANT** the Motion to Sever and Remand.

## Background

This case arises from the Plaintiffs' and the Defendant's negotiations to sell (Plaintiffs) and buy (Defendant) a piece of real property. Plaintiffs originally sued in the Circuit Court of Jefferson County for breach of contract and conversion.

Defendant removed the case to this court on August 18, 2004. On April 15, 2005, the court dismissed these claims but permitted Plaintiffs to file an amended complaint. On May 16, 2005, the Plaintiffs filed an Amended Complaint to assert equitable claims for rescission, reformation of deed, partition, and constructive trust. On August 16, 2005, Intervenor filed a Motion to Intervene (doc. 33) and a Complaint and Answer (doc. 34). On September 20, 2005, the court granted Intervenor's Motion to Intervene (doc. 39).

The basis alleged for Plaintiffs' Motion to Stay is that the Plaintiffs have intervened in Cowan, et al v. Community Homebanc, et al CV-01-4028 (Circuit Court of Jefferson County, Alabama) (the "State Case"). Plaintiffs allege that a determination of their claims in intervention (in the state court action) is "necessary for Plaintiffs' [sic] to be able to prove essential elements of its claims in the action presently pending before" this court.

## Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transport, 229 F.3d 1012, 1023

(11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. Chapman, 229 F.3d at 1023; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Chapman, 229 F.3d at 1023; Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248; Chapman, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue

at trial.  See Fitzpatrick, 2 F.3d at 1115-17 (citing U.S. v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)).  If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial.  Fitzpatrick, 2 F.3d at 1115.  Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question.  This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not

require evidence negating the non-movant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the non-moving party's case. Fitzpatrick, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. Lewis v. Casey, 518 U.S. 343 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

## Undisputed Facts

All of Plaintiffs' claims against Defendant are premised upon Defendant having some interest in the property. Amended Complaint. See also, Plaintiffs' Response to Intervenor's Motion to Sever (doc. 48) ("[A]ll pending claims involve title to the property.") Defendant has no interest in the property. Exhibit 2 to Defendant's Motion for Summary Judgment at ¶ 6; Exhibit C to Defendant's Motion for Summary Judgment.

## Summary Judgment Analysis

Plaintiffs state that "all pending claims involve title to the property." However, when Defendant failed to redeem the property within one year of the foreclosure, all of his rights in the subject property were extinguished. See Trauner v. Lowrey, 369 So. 2d 531, 534 (Ala. 1979); Ala. Code § 6-5-248(7)(b).  As a result, there is nothing Plaintiffs can even equitably recover from Defendant.

## Remand Analysis

Having granted judgment in favor of Defendant as to all of Plaintiffs' claims, the only claims remaining are those asserted in the Complaint in intervention (doc. 34), which relate to title to the property.  The Intervenor asserts no claims against the Defendant (doc. 38).  The parties all agree that all claims that relate to title to the property should be remanded.  Alabama law predominates in all claims.  Therefore, remand is appropriate.  28 U.S.C. § 1441(c).

**DONE** this the 2nd day of December, 2005.

/s/ VEHopkins
**VIRGINIA EMERSON HOPKINS**
United States District Judge